ANNA B. STEWART, Appellant, *v.* THE UNION MUTUAL LIFE
INSURANCE COMPANY, Respondent.

76   267
155a 257

*Policy of insurance — waiver of provisions of.*

In an action brought to recover the amount of an insurance policy, it was proved that the defendant was a corporation of the State of Maine, with its principal place of business at Portland, Maine, and having also an office in the State of New York. The policy in question was executed by the defendant and sent to a person 'in the State of New York, claimed by the plaintiff to be the manager of the defendant's business, by whom it was delivered to the insured, and his note was taken in payment of the premium.

In answer to a notice received by the insured from the cashier in the New York office of the company, the insured sent his check in payment of the note when due. This check was deposited for collection and was returned by the bank unpaid. At this time the insured was sick and, shortly after the receipt of the notice of the return of his check unpaid, wrote that he would attend to the matter in a few days. He died, and the check was never paid.

The policy contained a provision to the effect that all premiums should be paid in the office of the company in Portland, but that at the pleasure of the company suitable persons could be authorized to receive such payments at other places, but only upon the production of the company's receipt therefor, signed by the president, secretary or assistant secretary, and that no payments made to any person except in exchange for such receipt would be recognized by the company or deemed valid payments; that no agent or other person, except the secretary or president, in writing, could alter the terms of the policy or waive a forfeiture. It also provided that the first year's premium should be paid on the delivery of the policy.

It was contended by the company that under these provisions the policy was void; the plaintiff claimed that a credit had been extended in the payment of the premiums upon the policy, and that it had become a binding contract.

*Held*, that notwithstanding such provisions in a policy, where, from the course of business between the parties, authority to waive this condition might be inferred to rest in any one of the officers or agents of the company, a waiver by such officer or agent would be binding upon the corporation, but that, while the jury might find that the person to whom the policy was sent in the State of New York was the manager of the company in New York, in the absence of any evidence that a practice had obtained by which any person had the right to assume that these provisions in the contract had been departed from in the manner in which this defendant conducted its business, the plaintiff could not recover, and that there was no evidence of such usage or course of business upon the part of the defendant in the case under consideration.

APPEAL by the plaintiff, Anna B. Stewart, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 24th day of November, 1893, upon the decision of the court after a trial at the New York Circuit, and also from an order made on or about the 22d day of November, 1893, dismissing the plaintiff's complaint.

*Samuel B. Paul*, for the appellant.

*Sawyer & Getty*, for the respondent.

VAN BRUNT, P. J. :

This action was brought on a policy of insurance in the sum of $5,000 on the life of Joe H. Stewart for the benefit of the plaintiff.

The defendant was a corporation of the state of Maine, having its principal place of business at Portland, in that State, and having an office and transacting business in the State of New York. The policy was duly executed and sent by the company to one John M. Crane, who was claimed ·by the plaintiff to be the manager of the. defendant's business in the State of New York. The policy was delivered by Crane to the insured in April, 1890, and a note was given for the ·premium. On the 6th of May, 1890, a letter was received from the cashier in the New York office by the insured, as follows:

"Your note for $123.10, given in settlement of prem. due on. pol. No. 93094, will be due and payable on the 31st inst. at your· office, where it will be presented at that date."

It would appear that a check had been given for this note by the· insured, for on the 7th of August, 1890, a letter from Crane was ·sent to the insured as follows: "I have deposited your check for $123.10 for collection to-day. Kindly see that it is protected." On the ninth of August Crane wrote again:

"The bank has returned your check marked 'Not good.' I am sorry for this as it places me in a somewhat unpleasant position. I feel sure that you must have overlooked the matter, and will fix it, up as soon as your attention is drawn to it."

The insured wrote on the twelfth of August that he had been· very sick in bed since Wednesday, and hoped to be out by the last of the week and would at once provide for. the check, to which Crane replied that he was sorry to hear of his being ill and trusted that. he would soon be better. Instead of getting better the insured died,. and the check was never paid. Upon suit being brought upon this. policy the defendant set up as a defense that by the terms of the application and policy the failure to pay the premium in cash upon the delivery of the policy avoided the same, and the question presented is, whether there was any evidence upon which a waiver of the terms of the application and policy could be found.

It appears that by the application, which was made a part of the policy, it was provided that such application should constitute "No contract of insurance until a policy shall first have been issued and delivered by the company and the first premium thereon paid during the life of the party proposed for insurance in the same condition

of health as described in the application." The policy provided that the same was to issue upon and subject to the condition, amongst others, that "All premiums are due at the office of the company in the city of Portland, Maine, at the date named in the policy, but at the pleasure of the company suitable persons may be authorized to receive such payments at other places, but only on the production of the company's receipt therefor, signed by the president, secretary or assistant secretary. No payment made to any person except in exchange for such receipt will be recognized by the company or be deemed by either party as a valid payment. *No agent, nor any other person, except the president or secretary, in writing,* has power to alter or change, in any way, the terms of this contract or to waive forfeiture."

It also provided that the first year's premium of $123.10 should be paid at the home office on the delivery of the policy.

There is no question that the premium was not paid at the time of the death of the insured. But it is urged that a credit had been extended in the payment of the premium upon this policy, and that, therefore, it had become a binding contract between the parties, and various cases are cited to support this proposition. It is undoubtedly true that, notwithstanding the provisions in a policy of this description, where, from the course of business between the parties, authority to waive this condition may be inferred to rest in any one of the officers or agents of the company, a waiver by such officer or agent is binding upon the corporation.

But the difficulty about the plaintiff's cause of action in the case at bar is that there is no evidence whatever of any authority upon the part of Crane to waive the conditions of the policy. It is true that the jury might find that he was the manager of the business in New York, but it is equally true that by the very terms of the contract itself, no one except the president or secretary, in writing, had power to alter or change the terms of the contract or waive any of its conditions. And there is no evidence that any practice had obtained by which any person had the right to assume that these provisions in the contract had been departed from in the manner in which this defendant conducted its business; and it would seem from the rule laid down in *Conway* v. *Phœnix Mut. Life Ins. Co.* (140 N. Y. 79) that no ground of recovery appeared

from the plaintiff's proofs. In that case it was held that no different rules apply to contracts of insurance from those which obtain in the case of other contracts, and that where the parties have deliberately and formally executed a contract for the purpose of defining their respective engagements and of securing due and exact performance thereof, they should be held to the same, and that the only cases in which recoveries have been permitted contrary to the provisions of the contract are where it has been shown that there has been such a usage or course of business, or such consent, express or implied, as to justify the inference that the insurer had extended its agent's authority and thus modified the restrictions contained in the policy.

In the case at bar there is no evidence whatever of any usage or course of business upon the part of the defendant, or of any consent to the doing of that which the manager did by accepting a note instead of the cash upon the delivery of the policy. It is undoubtedly true that the proof might be of such a character as to show a waiver of the conditions contained in the policy and the application therefor. But, in the absence of such proof, the jury cannot be allowed to speculate upon the fact that such might have been the case.

We think, therefore, that the court was correct in dismissing the complaint, and that the judgment should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs.